```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION
```

| | |
|---|---|
| LINDA CHRISTIAN, individually, * <br> and as administrator of the <br> Estate of Bobby D. Christian,   * <br> <br>     Plaintiff, * <br> <br> vs.   * <br> <br> JANED ENTERPRISES, INC.; HENKEL * <br> SURFACE TECHNOLOGIES; ASHLAND, <br> INC. a/k/a ASHLAND CHEMICAL, * <br> INC.; and ATOTECH USA, INC., <br>     * <br>     Defendants. <br>     * | CASE NO. 3:08-CV-88 (CDL) |

O R D E R

Presently pending before the Court is Defendant Atotech USA, Inc.'s ("Atotech") Motion Regarding the Sufficiency of Plaintiff's Responses to Requests for Admissions (Doc. 41). For the reasons set forth below, the motion is granted.

In this action, Plaintiff contends that her husband developed pulmonary fibrosis because he was exposed to various chemicals while working at Tenneco Automotive ("Tenneco")—including a chemical manufactured by Atotech containing hexavalent chromium. In accordance with Federal Rule of Civil Procedure 36, Atotech propounded Requests for Admissions ("RFA") to Plaintiff. In those RFAs, Atotech asked Plaintiff to admit certain standards established by the Occupational Safety and Health Administration ("OSHA") and the American Conference of Governmental Industrial Hygienists ("ACGIH") regarding the permissible exposure level and threshold limit value

for hexavalent chromium.[1]  (Atotech's RFA Nos. 1-3, Mar. 10, 2009.) Atotech also provided Plaintiff with a copy of certain industrial hygiene reports produced for Tenneco and asked Plaintiff to admit that the reports "are genuine, true and correct copies of records created by the entities set forth herein as a result of scientifically accepted testing methodology and as interpreted as industrial hygienist on the dates in said reports."  (Atotech's RFA No. 4.)  In making these requests, Atotech asks to be put on notice whether Atotech must put forth evidence to establish (1) the OSHA and ACGIH standards at issue, (2) the authenticity of the industrial hygiene reports, and (3) whether the reports were the result of scientifically accepted testing methodology.

Plaintiff objected to each Request for Admission, stating: "Plaintiff is a layperson without sufficient knowledge to admit or deny the extremely technical information in this Request, which is outside the ken of the average layperson, without excessive explanation and qualification.  Plaintiff, therefore, is not competent to admit or deny the truth of the request." (*E.g.*, Pl.'s Resp. to Atotech's RFAs 1-2, Apr. 13, 2009.)

---

[1] According to Atotech, these standards are readily available, and the OSHA standard is contained in the Code of Federal Regulations.  Atotech also contends that these standards are set forth in documents produced by Atotech to Plaintiff in this action.

>Under Federal Rule of Civil Procedure 36,
>
>>[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1). The response to a request for admissions must be signed by the party or the party's attorney. Fed. R. Civ. P. 36(a)(3). "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made *reasonable inquiry* and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(4) (emphasis added); *see also* Fed. R. Civ. P. 36 advisory committee's note (1970) (noting that the Rule "requires only that the answering party make reasonable inquiry and secure such knowledge and information as are readily obtainable by him," that "the investigation will [in most instances] be necessary either to his own case or to preparation for rebuttal," and that "the information may be close enough at hand to be 'readily obtainable'").

In her responses to the RFAs, Plaintiff did not state whether she (or her attorney) had made a reasonable inquiry or whether the information she (or her attorney) knows or can readily obtain is sufficient to enable her to respond to the RFAs. She simply states that she is not competent to respond to the requests because they reference "extremely technical information." She notes in her

3

response to Atotech's motion, however, that her retained expert, Dr. Max Costa, knows what "the chromium exposure levels" are and explained why the levels are what they are in his expert report. (Pl.'s Resp. to Atotech's Mot. Regarding the Sufficiency of Pl.'s Resp. to Req. for Admis. 5 [hereinafter Pl.'s Resp.].) Therefore, it appears from Plaintiff's response that the information sought in RFA Nos. 1, 2, and 3 is readily ascertainable and can be answered without excessive explanation or qualification. The Court therefore concludes that Plaintiff must admit or deny RFA Nos. 1, 2, and 3.[2]

As for RFA No. 4, Atotech first asks Plaintiff to admit that the industrial hygiene reports are "are genuine, true and correct copies of records created by the entities set forth herein." In other words, Atotech is asking Plaintiff to admit or deny the genuineness of the documents as contemplated by Rule 36(a)(1)(B). Plaintiff contends that since she does not have personal knowledge of the reports she cannot truthfully make such an admission. (Pl.'s Resp. at 5.) The Rule, however, requires that Plaintiff make a reasonable inquiry before responding that she is unable to admit or deny the

---

[2]The Court's ruling is not intended to suggest that a party is required to retain an expert to respond to RFAs—there is absolutely no such requirement in Rule 36. However, given Plaintiff's representation that her expert explained chromium exposure levels in his expert report, as well as Defendant's representation that the standards are readily available, including in the Code of Federal Regulations, the Court sees no reason why Plaintiff cannot admit or deny RFA Nos. 1, 2, and 3. An admission of these requests would *not* constitute an admission that the OSHA and ACGIH standards are proper or appropriate—it would merely be an admission of what the standards are. If there is a dispute about what the standards are, Plaintiff may deny RFAs 1-3 and explain why.

RFA. Therefore, Plaintiff is required to amend her response to the first part of RFA No. 4.[3]

In the second portion of RFA No. 4, Atotech asks Plaintiff to admit that the industrial hygiene reports were prepared "as a result of scientifically accepted testing methodology and as interpreted as industrial hygienist on the dates in said reports." (Atotech's RFA No. 4.) Though the request is compound and somewhat confusing, the main thrust of this request is to determine whether Plaintiff agrees that the industrial hygiene reports were created using scientifically accepted testing methodology. Atotech asserts that Plaintiff should easily be able to admit or deny this portion of RFA No. 4 because the testing methodology is set forth in the Code of Federal Regulations, but RFA No. 4 does not specifically ask whether the authors of the reports used the methodology set forth in the Code of Federal Regulations or whether the methodology set forth in the Code of Federal Regulations is scientifically accepted. Plaintiff is not required to admit or deny anything that Atotech did not specifically ask. Plaintiff is, however, required to amend her response to the second portion of RFA No. 4 and, at the very least, state whether she has made a reasonable inquiry into this issue. If the subject matter

---

[3] It may be that a reasonable inquiry will not enable Plaintiff to respond to this portion of RFA No. 4. The Court notes that Plaintiff did not take part in creating the reports and that the reports are not in Plaintiff's control or custody. There is nothing before the Court to suggest that discovery in this action to date has resulted in undisputed evidence regarding the authenticity of the reports.

of the reports is within the purview of Plaintiff's expert, it may be that the expert can assist Plaintiff with her response.

CONCLUSION

For the reasons set forth above, the Court grants Defendant's Motion Regarding the Sufficiency of Plaintiff's Responses to Requests for Admissions (Doc. 41) and orders Plaintiff to amend her responses in accordance with the applicable rules within fourteen days of today's order.

IT IS SO ORDERED, this 23rd day of June, 2009.

                                                S/Clay D. Land
                                                     CLAY D. LAND
                                      UNITED STATES DISTRICT JUDGE